UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
HALANA RICHARDSON,                                                      :
                                                                        :
                                  Plaintiff,                            :    16-CV-1304 (JMF)
                                                                        :
             -v-                                                        :    MEMORANDUM OPINION
                                                                        :         AND ORDER
MANHATTAN TRANSIT AUTHORITY NYC                                         :
HEADQUARTERS,                                                           :
                                                                        :
                                  Defendant.                            :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff Halana Richardson sues her former employer, the New York City Transit Authority (the "NYCTA"), for discrimination in violation of Title VII of the Civil Rights Act of 1964.[1] In 2015, Richardson, then proceeding *pro se*, brought nearly identical claims against the NYCTA before the New York State Division of Human Rights ("NYSDHR"), which found "no probable cause to support [her] allegations" in February 2016. ECF No. 35-1 at DEF000004, DEF000031. Thereafter, Richardson filed a petition pursuant to Article 78 of the New York Civil Practice Law and Rules and Section 298 of the New York Executive Law, challenging the NYSDHR's determination. ECF No. 35-11. On December 5, 2016, following oral argument, the New York State Supreme Court denied Richardson's petition. She did not appeal that ruling. ECF No. 35-16. The NYCTA now moves, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, for judgment on the pleadings, arguing that Richardson's claims are precluded by the

---

[1] Although the operative Complaint names the Defendant as "Manhattan Transit Authority NYC Headquarters," ECF No. 5, the proper name of the entity is apparently the New York City Transit Authority, ECF No. 34, at 1, which is the name the Court uses here.

Article 78 ruling. ECF No. 34 ("Mem."). The NYCTA argues, in the first instance, that Richardson's claims are statutorily precluded by Section 300 of the New York Executive Law. *See id.* at 12-13. In the alternative, the NYCTA contends that Richardson's claims are barred by the common law doctrine of *res judicata*. *See id.* at 14.

Whether Richardson's claims are barred turns on whether New York State courts would give preclusive effect to the Article 78 ruling. *See, e.g.*, 28 U.S.C. § 1738; *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 466 (1982) ("Section 1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged."). The inquiry is simplified, however, by the fact that Richardson does not dispute that the state court ruling would normally be *res judicata* here. That is, she concedes that "the dismissal of the Article 78 proceeding constituted a final judgment on the merits," that "the Article 78 case involved the same parties as this case, and" that "the claims in the Article 78 case arose of out the same underlying transactions as the claims in this case." ECF No. 36 ("Opp'n"),[2] at 18-19; *see also, e.g.*, *Hecht v. United Collection Bureau, Inc.*, 691 F.3d 218, 221-22 (2d Cir. 2012) (enumerating the elements of *res judicata*).[3] Instead, her sole argument in opposition to the NYCTA's motion — based on Section 26(a)(1) of the Restatement (Second) of Judgments (1982) and various non-binding decisions (primarily from intermediate state courts) — is that the NYCTA "waived any potential *res judicata* defense by acquiescing to Plaintiff's splitting her claims by bringing them in different courts." Opp'n at

---

[2] Due to inconsistent pagination in Richardson's opposition, citations to ECF No. 36 refer to the page numbers automatically generated by the ECF system to avoid confusion.

[3] Richardson does not, and could not, dispute as well that the New York State Supreme Court is a court of competent jurisdiction. *See Hecht*, 691 F.3d at 221-22; *see also, e.g.*, *see Cartagena v. City of New York*, 257 F. Supp. 2d 708, 710 (S.D.N.Y. 2003).

2

19. More specifically, she argues that the NYCTA failed to object to her bringing claims in both this forum and the NYSDHR and that it therefore waived the right to object on the basis of *res judicata*. *See id.* at 23.

Richardson's argument is unavailing for at least three independent reasons. First, it is responsive only to the NYCTA's alternative argument for dismissal, based on the common law doctrine of *res judicata*. But the NYCTA's primary argument for dismissal — as to which Richardson is silent — is that the claims in this case are barred by Section 300 of the New York Executive Law. Together with Section 298, that law provides, in mandatory terms, that "[t]he jurisdiction of [New York] courts over [Article 78] proceedings . . . *shall* be exclusive and their judgments and orders shall be final, subject to appellate review," and that such "final determination[s] therein *shall* exclude any other action, civil or criminal, based on the same grievance of the individual concerned." N.Y. Exec. Law §§ 298, 300 (emphasis added).[4] And, applying that law, the Second Circuit has held, in circumstances much like those here, that a "no probable cause" determination by the NYSDHR, once affirmed on appeal, "operates as an *absolute bar* to any other action on the same facts," including a "federal civil rights action." *Mitchell v. National Broadcasting Co.*, 553 F.2d 265, 273-74 (2d Cir. 1977) (emphasis added). Richardson cites, and the Court has found, no authority for the proposition that the "absolute bar" posed by Section 300 is subject to exception, through acquiescence, waiver, or otherwise.

---

[4] On August 12, 2019, Section 300 was amended to provide, in relevant part, that "final determination[s] therein shall exclude any other state civil action based on the same grievance of the individual concerned." 2019 N.Y. Sess. Laws ch. 160 § 6 (McKinney). The amendment, however, applies only "to claims filed under such sections on or after" August 12, 2019. *See id.* § 16(d). Accordingly, the Court need not and does not decide what effect, if any, the new language would have on this case.

3

Accordingly, even assuming *arguendo* that the NYCTA waived its right to invoke the common law doctrine of *res judicata*, Section 300 compels dismissal of Richardson's claims.

Second, even if Richardson is correct that a defendant can waive the doctrine of *res judicata* as a matter of New York law, that rule would not apply in federal court. That is, she mistakenly assumes that because the substantive question of preclusion is governed by New York state law, the question of waiver is as well. But the question of waiver is a "purely procedural question of what issues must be raised, and when, in a federal lawsuit." *Manicki v. Zeilmann*, 443 F.3d 922, 927 (7th Cir. 2006) (holding, in a case arising under 42 U.S.C. § 1983, that Illinois's claim-splitting rule does not govern the timeliness of a *res judicata* defense); *accord Bernardi v. Deutsche Bank Nat'l Trust Co.*, No. C-11-5453-RMW, 2013 WL 1334266, at *4 n.3 (N.D. Cal. Mar. 29, 2013); *see also, e.g.*, *Santos v. Dist. Council of New York City & Vicinity of United Bhd. of Carpenters & Joiners of Am.*, 619 F.2d 963, 967 (2d Cir. 1980) (rejecting the plaintiff's state-based interpretation of the timeliness of a statute of limitations defense because of the Court's "oblig[ation] to look to the Federal Rules of Civil Procedure," rather than to state law, "to determine whether defenses to an action have been raised in a timely manner"). Thus, the question of waiver here is governed by federal, not state, law. *See, e.g.*, *Herero People's Reparations Corp. v. Deutsche Bank AG*, No. 03-CV-0991 (RLC), 2006 WL 903197, at *2-3 (S.D.N.Y. Apr. 5, 2006).[5] And under federal law, a defendant waives the defense of *res judicata* only if it fails to timely assert the defense in its answer or pre-answer

---

[5] Plaintiff cites a handful of cases from this Circuit that have applied New York state law on waiver-by-acquiescence. *See, e.g.*, *Cowan v. Ernest Codelia, P.C.*, 149 F. Supp. 2d 67, 75 (S.D.N.Y. 2001); *Kendall v. Avon Prods., Inc.*, 711 F. Supp. 1178, 1182 (S.D.N.Y. 1989); *see also Riel v. Stanley*, No. 06-CV-5801 (TPG), 2009 WL 2431497, at *5 (S.D.N.Y. Aug. 6, 2009); *Power Travel Int'l, Inc. v. Am. Airlines, Inc.*, No. 02-CV-7434 (RWS), 2004 WL 2428714, at *7 (S.D.N.Y. Oct. 29, 2004). None of these courts appear to have considered the choice-of-law issue, however, so the Court declines to follow them.

4

motion. *See* Fed. R. Civ. P. 8(c); *see also Herero People's Reparations Corp.*, 2006 WL 903197, at *2-3. Here, the NYCTA timely asserted the defense in its answer. ECF No. 18. Thus, it did not waive the defense, and Richardson's argument fails.

Finally, even if the waiver-by-acquiescence rule did apply in federal court, it would not apply here because there is no basis to conclude that the NYCTA acquiesced to Richardson's bringing claims in two fora. Although Richardson filed this lawsuit in 2016, she did not serve the NYCTA until June 2018 — more than a year and a half after the state court's ruling.[6] It follows that that the NYCTA had no opportunity to raise a claim-splitting objection during the state court proceedings. *See, e.g.*, *Xiao Yang Chen v. Fischer*, 12 A.D.3d 43, 50 (N.Y. App. Div. 2d Dep't 2004) (rejecting a waiver argument because the record did not contain evidence that the party asserting *res judicata* "was served . . . [or] interposed an answer . . . before the judgment [in another action] was rendered"), *rev'd on other grounds*, 6 N.Y.3d 94 (2005); *see also Herero People's Reparations Corp.*, 2006 WL 903197, at *1, 4 n.8 (noting that while the defendant had been "aware that [a] second complaint had been filed" during the pendency of the first action, the date on which it was *served* in the second action would have been the relevant date, under New York law, for purposes of the waiver-by-acquiescence rule). In arguing otherwise, Richardson points to a handwritten notation on her Article 78 petition that she "ha[d] a case in federal court on NYC Transit." ECF No. 35-11 at 3; Opp'n 23. But noting that she had "*a* case" in federal court is not the same as noting that she was bringing nearly identical claims in federal court. And in any event, the NYCTA was under no obligation to interpose an objection to a case that, at

---

[6] The delay resulted in part from the fact that Richardson's lawsuit was originally dismissed *sua sponte* by the Honorable Colleen McMahon. *See* ECF No. 6. On appeal, the Second Circuit reversed in part. *See* ECF No. 10. (The Second Circuit did not address the issue of preclusion, as it was not ripe at the time.) Thereafter, on June 8, 2018, Plaintiff served the NYCTA for the first time. *See* ECF No. 16.

that point, was entirely hypothetical. *Cf. Martin v. N.Y. State Dep't of Mental Hygiene*, 588 F.2d 371, 373 (2d Cir. 1978) ("[S]howing that the defendant has had actual notice of the lawsuit is not sufficient [to defeat a motion to dismiss for improper service].").

In sum, Richardson's lawsuit here is plainly precluded by the Article 78 ruling and must be dismissed. The fact that Richardson was unrepresented by counsel when she litigated the Article 78 proceedings (and when she first filed this lawsuit) does not affect that conclusion. *See, e.g.*, *Rochester v. Fortune Soc'y*, No. 16-CV-9423 (PGG), 2018 WL 4574886, at *6-7 (S.D.N.Y. Sept. 4, 2018); *Golf v. N.Y.C. Dep't of Fin.*, No. 13-CV-2865 (RWS), 2014 WL 1651946, at *5 (S.D.N.Y. Apr. 23, 2014); *Rullan v. N.Y.C. Dep't of Sanitation*, No. 10 CV 8079 RPP, 2011 WL 1833335, at *3-4 (S.D.N.Y. May 12, 2011). Nor does her request for leave to file an amended complaint. *See* ECF Nos. 28-30. That is, Richardson's claims are barred as a matter of law, and no amendment can cure that problem. *See, e.g.*, *Hunt v. All. N. Am. Gov't Income Tr., Inc.*, 159 F.3d 723, 728 (2d Cir. 1998). Accordingly, the NYCTA's motion for judgment on the pleadings is GRANTED; Richardson's motion for leave to amend is DENIED; and the Amended Complaint is dismissed in its entirety.

The Clerk of Court is to terminate ECF Nos. 28, 33 and to close the case.

SO ORDERED.

Dated: September 9, 2019
      New York, New York

JESSE M. FURMAN
United States District Judge